**DLD-193**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1981
_____

ROBERT L. LONGO, JR.,
                                        Appellant

v.

HANNAH TROSTLE, RNS, SCI-Camp Hill; MR. ARQUELLES, SCI-Camp Hill;
DR. VOORSTAD, SCI-Camp Hill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-01199)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Robert L. Longo, Jr., proceeding in forma pauperis, appeals from the District Court's judgment in favor of the defendants in this action under 42 U.S.C. § 1983. Because the appeal does not present a substantial question, we will summarily affirm.

I.

Longo filed a complaint in which he alleged that, while he was incarcerated SCI Camp Hill, the defendants violated his federal constitutional rights and state law by failing to provide adequate medical care for his back pain. Longo alleged that P.A. Arquelles and Dr. Voorstad examined Longo on many occasions. In contrast, Longo alleged that Nurse Trostle was involved only in reviewing one of Longo's initial grievances. Longo alleged that P.A. Arquelles and Dr. Voorstad provided pain medication, prescribed muscle relaxers, referred Longo for physical therapy, and ordered x-ray examinations. Longo claimed that this care was inadequate because he should have received a referral to a spinal specialist for a second opinion when his back pain did not subside.

Nurse Trostle moved to dismiss the claims against her, while P.A. Arquelles and Dr. Voorstad filed a joint motion for summary judgment on the claims against them. The District Court granted the motions and entered a judgment in favor of the defendants. Longo timely filed this appeal.

2

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We may summarily affirm a district court's order on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

To succeed on his § 1983 claims that prison medical care violated his Eighth Amendment rights, Longo must point to "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Parkell v.

3

Danberg, 833 F.3d 313, 337 (3d Cir. 2016). "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017). When medical treatment is provided, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (citation omitted).

Here, we agree with the District Court's determination that Longo failed to state a § 1983 claim against Nurse Trostle because he failed to allege that she was personally involved in the alleged constitutional violation, let alone that she was deliberately indifferent to Longo's medical needs. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Longo's allegations against Trostle, based on her review of a grievance, are insufficient to demonstrate her personal involvement in the violation alleged here. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). For similar reasons, we agree that Longo failed to state a medical negligence claim against Trostle. Longo's limited allegations against Trostle are also insufficient to state a claim for medical negligence. See Toogood v. Rogal, 573 Pa. 245, 254 (2003) (describing the duty, breach, cause, and harm elements of a medical negligence claim); see also Iqbal, 556 U.S. at 663 (explaining

4

that a complaint must contain more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements").

The District Court properly granted summary judgment to P.A. Arquelles and Dr. Voorstad on the § 1983 claims. After thoroughly describing the treatment provided to Longo, the District Court correctly determined that the record failed to show anything more than "mere disagreement as to the proper medical treatment," which "does not support a claim of an eighth amendment violation." Pearson, 850 F.3d at 535 (cleaned up). With respect to the state law claims, the District Court properly determined that, based on Longo's averments in his Certificate of Merit ("COM") that expert testimony was unnecessary, he would be unable to establish a claim for medical negligence here. See Brady v. Urbas, 631 Pa. 329, 340 n.6 (2015) ("Except in the most obvious cases . . . expert testimony is necessary to establish the standard of care."); see also Schmigel v. Uchal, 800 F.3d 113, 122 (3d Cir. 2015) (explaining that "the COM requirement and its conditions are facts that can form the basis for a motion for summary judgment").

Lastly, we discern no abuse of discretion in the District Court's order denying Longo's motion for appointment of counsel. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). The District Court's decision was properly based, among other things, on Longo's demonstrated ability to present his case through the summary judgment proceedings. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

Accordingly, we will affirm the judgment of the District Court.